IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TATU LLC,<br>d/b/a Nublu,<br>151 Avenue C<br>New York, NY 10009,<br><br>            Plaintiff,<br><br>       v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>            Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff TATU LLC, doing business as Nublu ("Nublu"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Nublu, a Manhattan jazz club in operation since 2002, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Nublu's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on Nublu, forcing it to close between March 15, 2020 and May 28, 2021, lose all revenue during that time, furlough employees, and incur debt to cover ongoing costs. Nublu needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Nublu recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Nublu demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Nublu's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff TATU LLC operates Nublu, http://www.nublu.net/, a jazz club in the East Village of Manhattan that puts on live performances by a musicians ranging from jazz legends like Eddie Henderson, Juini Booth, Justin Brown and Ray Angry to up-and-coming performers. Nublu places a special emphasis on promoting young and diverse artists. With shows and events every night since 2002, except during the height of the COVID-19 pandemic, Nublu is probably the most active live music venue in Manhattan. Nublu began operations at 62 Avenue C in the East Village, and in 2015 moved to its present larger space at 151 Avenue C. Nublu Classic, run by NUBLU LLC, operates as a separate, smaller jazz club at 62 Avenue C. TATU LLC and NUBLU LLC are owned by the same individual, Ilhan Ersahin.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.   Shuttered Venue Operators Grant Program**

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange,

employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19. The Act specifies that for a live venue operator (as well as a live venue promoter, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics.  It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.  Nublu's SVOG Application and the SBA's Denial**

20. On April 26, 2021, Nublu applied for a SVOG award of $599,905.14.

21. In its application, Nublu demonstrated that it satisfied the criteria for eligibility as a live venue operator.  Nublu submitted a sample income statement showing that all of its earned revenue came from ticket sales and beverage sales during shows and a comparison of April-December 2019 and April-December 2020 profits and losses showing that its losses exceeded 99 percent.  Nublu demonstrated its satisfaction of the additional eligibility criteria by submitting, among other things, its venue floorplans and photographs of its stage and equipment, a sample

5

invoice for its sound and lighting equipment, sample social media and online marketing materials, sample ticket sales documentation, sample contracts with performance artists for a flat fee plus percentage of ticket sales, and records of payments to the club's sound engineer and security personnel. Nublu additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22. Nublu learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Nublu ineligible.

23. On August 9, 2021, Nublu submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Nublu's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator, explaining in detail how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for eligibility as a live venue operator and including the supporting documentation it submitted with its application.

24. On August 25, 2021, the SBA notified Nublu that its appeal was denied. As with the denial of Nublu's application, the SBA gave no reason for denying the appeal.

25. Following a subsequent review, on November 19, 2021, the SBA notified Nublu by email that its appeal was again denied. The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that Nublu's appeal was declined "at least in part" based on reasons 10 and 11. Reason 10 is listed as "Did not meet the principal business activity standard for the entity type under which applied," and Reason 11 is listed as "Did not meet one or more of the eligibility criteria specific to the entity type under which applied." The email then provided a boilerplate statement:

> Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was

declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

26. The SBA's November 19, 2021 denial of Nublu's appeal is the agency's final decision.

27. The SBA approved SVOG applications of multiple live music venues similarly situated to Nublu. Those SVOG awardees include Nublu Classic, Arlene's Grocery, https://www.arlenesgrocerynyc.com/, Bowery Ballroom, https://mercuryeastpresents.com/venue/bowery-ballroom/, and Drom, https://dromnyc.com/#/events. Like Nublu, each is a small Manhattan venue presenting live music onstage and selling refreshments during shows.

## CLAIMS FOR RELIEF

28. The courts recognize a strong presumption favoring judicial review of administrative action.

29. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

30. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

31. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

32. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

33. Nublu realleges and incorporates by reference each of the preceding paragraphs and allegations.

34. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Nublu's application, nor did it provide any reason when it denied Nublu's appeal.

35. Indeed, the SBA's decision on Nublu's application conflicts with the evidence of Nublu's eligibility that it presented to SBA in its application and in its appeal.

36. The SBA further erred by treating Nublu disparately from similarly situated businesses, including direct competitors of Nublu, that were granted SVOG awards.

37. For each of these reasons, the SBA's denial of Nublu's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

38. Nublu realleges and incorporates by reference each of the preceding paragraphs and allegations.

39. Nublu meets the Act's definition of a live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

40. The SBA's denial of Nublu's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

41. Nublu realleges and incorporates by reference each of the preceding paragraphs and allegations.

42. The SBA's denial of Nublu's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Nublu's application and appeal presented evidence that demonstrates Nublu is eligible for a SVOG award.

43. The SBA's denial of Nublu's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Nublu respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Nublu's SVOG award request.

2. Preliminarily and permanently order Defendants to consider Nublu's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Nublu $599,905.14 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant Nublu a supplemental SVOG award of $ 299,952.57.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: January 13, 2022								Respectfully submitted,

/s/ Caroline L. Wolverton
_____

Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

*Counsel for Plaintiff TATU LLC d/b/a Nublu*